UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK F. HAAK,

        Appellant,                                     Case No. 1:22-cv-10899

v.                                                            Honorable Thomas L. Ludington
                                                                   United States District Judge
JERMAINE MAURICE FRANKLIN JR.,

        Appellee.
_____/

**OPINION AND ORDER DENYING APPELLEE'S MOTION FOR CERTIFICATE OF APPEALABILITY**

This bankruptcy appeal is just one of several cases between Jermaine Maurice Franklin Jr., a professional boxer, and his former manager, Mark F. Haak. Haak, in this matter, asserts Franklin filed for Chapter 7 bankruptcy relief in bad faith to escape his obligations under a boxer-manager contract between the two. The bankruptcy court determined that although there were some questionable circumstances surrounding Franklin's bankruptcy filing, Franklin filed for bankruptcy in good faith, and was not obligated to perform his obligations under the boxer-manager contract. Haak appealed and asserted that Franklin's recent boxing matches should be considered in analyzing whether Franklin filed for bankruptcy in good faith. This Court took judicial notice of Franklin's recent boxing matches, and remanded the case to the United States Bankruptcy Court for the Eastern District of Michigan "to afford the bankruptcy court an opportunity to examine the impact of these new matches on Franklin's financial situation and overall good faith in filing for bankruptcy, *and* to consider how [a parallel] adversary proceeding [between the Parties] might impact the issues disputed by the Parties in this appeal." ECF No. 18 at PageID.1324 (emphasis added). Franklin now seeks permission to appeal this Court's remand order to the Sixth Circuit Court of Appeals. As explained below, Franklin's request will be denied.

**I.**

Jermaine Maurice Franklin Jr. is a professional boxer who contracted Mark F. Haak to be his manager in December 2014. *In re Franklin*, No. 1:21-BK-20657, 2022 WL 903735, at *1 (Bankr. E.D. Mich. Mar. 28, 2022). The boxer-manager contract (the Contract) provides, in relevant part:

1. Employment of Boxer

    By this Agreement, Manager engages Boxer, and Boxer agrees for a period of [four years and six months] from the date of execution of this Agreement to render services exclusively for Manager in such boxing contests, exhibitions of boxing, and training exercise, whenever required by Manager, as Manager may from time to time direct.

2. Boxer's Compensation

    a. Manager will be paid 30% of all amounts derived by Boxer from any services Boxer may render under this Agreement.

    b. Manager hereby agrees to pay Boxer $10,000 at the time of the signing of this Agreement as a signing bonus.

    c. Manager further agrees that during the first year of the contract, Manager will pay Boxer the sum of $1,200 per month on or before the first day of each month, commencing February 1, 2015, continuing through 2015, and concluding January 1, 2016 (12 payments).

    d. Manager agrees that during the first year of the contract, Boxer will have no duty to pay any share of any proceeds that Boxer receives from any services that Boxer may render under this Agreement to Manager.

    e. Boxer acknowledges that Manger has no further responsibility to pay Boxer any money after the first year of the contract.

    f. Manager has no duty at any time to pay miscellaneous expenses . . .

3. Option

    Boxer hereby grants to Manager an unconditional option to extend this Agreement an additional two years immediately following the aforementioned five year period upon payment by Manager to Boxer the sum of [$25,000] on or before the expiration of the five year anniversary of this [Agreement].

4. Manager's Efforts

Manager agrees to use his best efforts to secure remunerative boxing contests for Boxer . . .

6. Injuries/Extensions

If Boxer is unable or unwilling to box due to injuries, substance abuse, or any other reason, this Agreement is automatically extended for a period of time equal to the amount of time Boxer is/was unable or unwilling to box.

7. Exclusivity of Contract

Boxer agrees that Boxer will not during the continuance of this Agreement take part in any boxing contests or other exhibitions, perform or otherwise exercise Boxer's talent in any manner or place, except as directed by Manager, and shall not allow Boxer's name to be used in any commercial enterprise without obtaining the prior, express, and written permission of Manager so to do . . .

14. Entire Agreement

This Agreement shall constitute the entire agreement between the parties and any prior understanding or representation of any kind preceding the date of this Agreement shall not be binding upon either party except to the extent incorporated in this Agreement . . .

Exhibit E, *In re: Franklin*, No. 21-20657 (Bankr. E.D. Mich. Aug. 6, 2021), ECF No. 32 at 45–47. The arrangement was acceptable for many years, during which Haak "paid roughly $300,000 to advance Franklin's career," despite having no contractual obligation to do so. *Franklin v. Haak*, 499 F. Supp. 3d 379, 385 (E.D. Mich. 2020). But on August 10, 2018, Franklin "sent an email to [Haak] through the email account of his mother Andrea Lamar. Franklin claimed that the [Contract] was unconscionable and illegal under Pennsylvania law and requested mutual recission." *Id.* at 386. Notably, although Franklin sought recission of the Contract, there was no accompanying tender of restitution. *Id.* Five months later, Franklin sought judicial confirmation of his termination of the Contract in this Court. *Id.* at 387. Haak opposed Franklin's action and filed a counterclaim in September 2019 seeking a declaratory judgment that Franklin could not

unilaterally terminate the contract and that it remained in effect. *Franklin v. Haak*, No. 1:19-cv-10137 (E.D. Mich. Sept. 26, 2019), ECF No. 27. Haak exercised his "unconditional option," Exhibit E, *In re: Franklin*, No. 21-20657 (Bankr. E.D. Mich. Aug. 6, 2021), ECF No. 32 at 45–47, to extend the duration of the Contract for two years by paying Franklin $25,000, but the $25,000 sum was held in escrow pending Franklin's appeal. *Franklin v. Haak*, 499 F. Supp. 3d 379, 395 (E.D. Mich. 2020).

This Court ruled in favor of Haak and calculated the remaining days left on this Contract.[1] *Id.* Haak believed that this calculation was incorrect and filed an appeal with the Sixth Circuit, which remains pending.[2] Meanwhile, Franklin petitioned this Court to release the $25,000 deposit to him since he did not file an appeal. *Id.* This Court entered an indicative ruling allowing the release of the funds, and the Parties stipulated to this arrangement. *Franklin v. Haak*, No. 1:19-CV-10137, 2021 WL 1811556 (E.D. Mich. May 6, 2021), ECF No. 81.

On May 28, 2021, the Parties submitted a stipulated order of satisfaction to this Court representing that "Franklin had received the [$25,000] via ACH transfer and the funds have cleared in Franklin's account." ECF No. 84 at PageID.1172. On June 3, 2023, this Court signed and entered the Stipulated Order declaring that Haak had "satisfied" his obligations. *Id.* at PageID.1173. One day after the Stipulated Order was entered, Franklin filed a petition for Chapter 7 bankruptcy relief in the U.S. Bankruptcy Court for the Eastern District of Michigan. Petition, *In re: Franklin*, No. 21-20657 (Bankr. E.D. Mich. June 4, 2021), ECF No. 1.

---

[1] Notably, according to this Court's calculations, the Contract expired on March 6, 2023 under this Court's November 2020 Judgment. If the Sixth Circuit agrees with Haak as to the number of days remaining on the Contract, it will have expired on September 24, 2023.
[2] *Franklin v. Haak*, No. 21-1027 (6th Cir. July 9, 2021), ECF No. 29 ("[T]his appeal is held in abeyance until such time as the automatic stay provisions of 11 U.S.C. § 362 are lifted or otherwise terminated.").

Under the Bankruptcy Code, 60 days after a debtor files for Chapter 7 bankruptcy, all "executory contracts" are "deemed rejected" unless the trustee affirmatively assumes such a contract. *See* 11 U.S.C. § 365(d). By "rejecting" the contract, the debtor is merely breaching the contract and opening the estate up to a prepetition claim for breach of contract. *See* 11 U.S.C. § 365(g)(1) ("[T]he rejection of an executory contract . . . constitutes a breach of such contract . . . immediately before the date of the filing of the petition").  If, on the other hand, the executory contract is "assumed," then the debtor is liable for the full performance of the assumed contract, and any bankruptcy-court proceedings have no impact on the force of the contract. *In re Level Propane Gases, Inc.*, 297 B.R. 503, 507 (Bankr. N.D. Ohio 2003) (citing 11 U.S.C. § 365(b)).

Assuming the Contract was an executory contract, Franklin filed a Motion to Enforce Rejection of Boxer/Manager Contract in August 2021. Motion, *In re: Franklin*, No. 21-20657 (Bankr. E.D. Mich. Aug. 6, 2021), ECF No. 32. The Bankruptcy Court held a hearing on Franklin's Motion in September 2021, and directed the Parties to submit supplemental briefing addressing what effect, if any, rejection of an executory contract has if a bankruptcy petition is ultimately dismissed. *See In re: Franklin*, No. 21-20657 (Bankr. E.D. Mich. Sept. 24, 2021; Sept. 30, 2021), ECF Nos. 96; 99.

While Franklin's Motion to Enforce was pending, Haak took the offensive on October 12, 2021, and filed two documents in the Bankruptcy Court. First, he initiated an adversary proceeding against Franklin by filing a five-claim Complaint against him.[3] Complaint, *Haak v. Franklin*, No. 21-02032 (Bankr. E.D. Mich. Oct. 12, 2021), ECF No. 1. In his Complaint, Haak puts forward five different theories under which he alleges Franklin's "obligations under the Boxer-Manager

---

[3] The adversary proceeding was stayed on August 30, 2022, because the Parties agreed that this appeal has "the potential of rendering the [] adversary proceeding moot." Order, *Haak v. Franklin*, No. 21-02032 (Bankr. E.D. Mich. Oct. 12, 2021), ECF No. 52.

Contract are excepted from discharge." *Id.* at 10–16. Second, Haak filed a motion to dismiss Franklin's bankruptcy case for cause under 11 U.S.C §707(a), alleging Franklin filed his bankruptcy petition in bad faith. *In re Franklin*, No. 1:21-BK-20657, 2022 WL 210032, at *1 (Bankr. E.D. Mich. Jan. 24, 2022).

On January 24, 2022, the bankruptcy court denied Haak's motion for dismissal after evaluating the case under the factors outlined in *In re Zick*, 931 F.2d 1124 (6th Cir. 1991), to assess whether Franklin's bankruptcy case lacked good faith. *In re Franklin*, No. 1:21-BK-20657, 2022 WL 210032, at *9 (Bankr. E.D. Mich. Jan. 24, 2022). The bankruptcy court concluded that it did "not find Mr. Franklin's case to be odor free, but there [was] not enough odor to warrant dismissal of [his] case." *Id.* at *10.

Ten days later, having determined that Franklin's Petition would not be dismissed, the Bankruptcy Court issued a bench opinion holding that the contract was executory, *see* Hrg. Transcript, *Haak v. Franklin*, No. 21-02032 (Bankr. E.D. Mich. Feb.14, 2022), ECF No. 24 at 16–23, and Haak and Franklin stipulated to the entry of an order granting in part and denying in part Franklin's Motion to Enforce Rejection of Boxer/Manager Contract. Order, *In re: Franklin*, No. 21-20657 (Bankr. E.D. Mich. Feb. 3, 2022), ECF Nos. 153, 154. The stipulated order declared that the Contract had been rejected under 11 U.S.C. § 365(d)(1) but noted that Franklin "may file a new motion seeking" enforcement of the rejection. *Id.* By officially rejecting the executory contract,[4] Franklin opened the door for Haak to file a prepetition breach of contract claim for which

---

[4] Notably, the practical result for both Franklin and Haak is the same regardless of whether the contract is executory. *See In re Hawker Beechcraft, Inc.*, 486 B.R. 264, 276 (Bankr. S.D.N.Y. 2013) ("If the contract is executory and the debtor rejects it, the non-debtor party is left with a pre-petition unsecured claim for breach of contract. If, on the other hand, the contract is not executory and the debtor chooses not to perform, the non-debtor party gets the same pre-petition claim for breach of contract." (citations omitted)). As Bankruptcy Judge Stuart M. Bernstein noted, "the

damages are determined according to the relevant state law governing the contract. 11 U.S.C. § 365(g)(1). But the deadline for Haak to file a proof of claim was three months earlier. *See* Notice, *In re: Franklin*, No. 21-20657 (Bankr. E.D. Mich. July 28, 2021), ECF No. 26-2 ("Creditors who wish to share in any distribution of funds must file a proof of claim with the clerk of the bankruptcy court . . . on or before [] October 26, 2021[.] Creditors who do not file a proof of claim on or before this date will not share in any distribution from the debtor's estate.").

The next day, Franklin filed his Second Motion to Enforce Rejection of Boxer/Manager Contract Under 11 U.S.C. § 365(d)(1) and FED. R. BANKR. P. 6006(a)." Motion, *In re: Franklin*, No. 21-20657 (Bankr. E.D. Mich. Feb. 4, 2022), ECF No. 156. Franklin sought enforcement of the rejection of the contract in the form of a court order directing Haak to "stop maintaining that '[he] is entitled to pursue a negative injunction against Franklin for violation of the contract's ***exclusivity*** provisions.'" *Id.* (emphasis in original) (quoting Response, *In re: Franklin*, No. 21-20657 (Bankr. E.D. Mich. August 19, 2021), ECF No. 49).

On April 12, 2023, the Bankruptcy Court granted Franklin's Second Motion and "ordered that [Franklin] is not required to perform the Contract . . . including any exclusivity, payment, or other obligations owed to Mr. Haak under the Contract, effective June 4, 2021. Mr. Haak shall not attempt to enforce any exclusivity provisions, demand any payment from purse, nor manage [Franklin] nor interfere with his management." Order, *In re: Franklin*, No. 21-20657 (Bankr. E.D. Mich. April 12, 2022), ECF No. 171.

Fifteen days later, Haak filed a notice of appeal in this Court. ECF No. 1. According to Haak, the Bankruptcy Court erred in denying his motion to dismiss, in granting Franklin's first

---

time expended searching for executorinesss can be spent more fruitfully doing almost anything else." *Id.*

motion to reject in part, and in granting Franklin's second motion to reject. ECF No. 7 at PageID.1102. Haak also sought judicial notice of Franklin's three boxing matches that occurred after the bankruptcy court's ruling on Haak's motion to dismiss. ECF No. 15.

While Haak's appeal was pending in this Court, Franklin sought to dismiss Haak's adversary proceeding, but the bankruptcy court denied his motion. Opinion, *Haak v. Franklin*, No. 21-02032 (Bankr. E.D. Mich. Aug. 24, 2022), ECF No. 49. One week later, Haak's adversary proceeding was stayed until this appeal was decided, as the outcome of this appeal could moot the adversary proceeding. Order, *Haak v. Franklin*, No. 21-02032 (Bankr. E.D. Mich. Aug. 30, 2022), ECF No. 52. Notably, the outcome of the Haak's adversary proceeding could moot the contested issues here, as well.[5]

On September 28, 2023, this Court took judicial notice of the boxing matches and remanded the case to the bankruptcy court "to afford the bankruptcy court an opportunity to examine the impact of these new matches on Franklin's financial situation and overall good faith in filing for bankruptcy, *and* to consider how the adversary proceeding might impact the issues disputed by the Parties in this appeal." ECF No. 18 at PageID.1324 (emphasis added).

Two weeks later, Franklin appealed this Court's decision to the Sixth Circuit Court of Appeals. ECF No. 20. Haak filed a motion to dismiss the appeal, arguing it was not a final, appealable order. *See* M. to Dismiss, *Franklin v. Haak*, No. 23-1932 (6th Cir. Oct. 19, 2023), ECF

---

[5] Haak's Complaint asserts five theories of nondischargability, *see* Complaint, *Haak v. Franklin*, No. 21-02032 (Bankr. E.D. Mich. Oct. 12, 2021), ECF No. 1 at 10–16. A determination of nondischargability would mean Haak's claim for breach of contract would be "exempt from the discharge, and [he could] go after [Franklin's] postpetition assets." Stephen C. Behymer, *Not Interested? A Trustee Lacks "Party in Interest" Standing to Move for an Extension of the Nondischargeability Bar Date on Behalf of Creditors*, 82 FORDHAM L. REV. 937, 950 (2013) (citing 4 COLLIER ON BANKRUPTCY ¶ 523.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2009), and 11 U.S.C. § 523).

No. 3. Four days later, Franklin filed a motion here seeking a certificate of appealability. ECF No. 22. On August 7, 2024, the Sixth Circuit granted Haak's Motion to Dismiss the appeal, confirming this Court's Order was not a final, appealable order. ECF No. 25.

## II.

An interlocutory appeal is appropriate when "a district judge ... shall be of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292. "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 349 (6th Cir. 2002). "The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal." *Gieringer v. Cincinnati Ins. Cos.*, No. 3:08-CV-267, 2010 WL 2572054, at *2 (E.D. Tenn. June 18, 2010). "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Wang v. Gen. Motors, LLC*, No. CV 18-10347, 2019 WL 1950185, at *1 (E.D. Mich. May 2, 2019) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008)).

## III.

The "legal issue" Franklin seeks permission to appeal is whether this Court "erred by requiring the Bankruptcy Court to reassess the *Zick* factors <u>because of</u> a change in the debtor's circumstances and purported ability to repay debts occurring years after the bankruptcy filing." ECF No. 22 at PageID.1360 (emphasis in original). But this Court remanded the case to the Bankruptcy Court not *just* to reassess the *Zick* factors, but also "to consider how the [stayed] adversary proceeding [between Haak and Franklin] might impact the issues disputed by the Parties in this appeal." ECF No. 18 at PageID.1324. Indeed, as this Court noted, "the outcome of Haak's

adversary proceeding could moot the contested issues" relating to the dismissal of Franklin's Chapter 7 Petition. *Id.* at PageID.1318.

Although there could be substantial ground for a difference of opinion regarding remanding the case to the bankruptcy court, neither of the other two § 1292(b) factors weigh in Franklin's favor. Importantly, the relevant questions here are mixed questions of law and fact, and the questions of law are not controlling. Indeed, if the Sixth Circuit were to find that remanding to the case to the Bankruptcy Court was improper, such a holding would not terminate the bankruptcy litigation between the Parties. As the Sixth Circuit itself noted, this Court's September 28, 2023 Order did not "fix the obligations of the party," and even if remand was improper, appellate review of the bankruptcy court's *Zick* analysis would still be necessary. ECF No. 25 at PageID.1555.

Moreover, interlocutory review would not materially advance the termination of litigation, as there is a related, discrete dispute between Franklin and Haak within Franklin's bankruptcy proceeding related to the nondischargability of the contract, which must be considered by the bankruptcy court in the context of this dispute about whether Franklin filed his bankruptcy petition in good faith. In this way, it is most efficient for this dispute to return to the Bankruptcy Court for parallel consideration with the other disputes between Franklin and Haak. Thus, interlocutory appeal is not appropriate here, so Franklin's Motion seeking a Certificate of Appealability, ECF No. 22, will be denied.

### IV.

Accordingly, it is **ORDRED** that Appellee's Motion for Certificate of Appealability, ECF No. 22, is **DENIED**.

Dated: August 14, 2024                                  s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge